Brad H. Bearnson (I.S.B. 7086)
Wayne K. Caldwell (I.S.B. 8095)
Aaron K. Bergman (I.S.B. 8878)
BEARNSON & CALDWELL, LLC
399 North Main, Suite 270
Logan, Utah 84321
(435)752-6300 – Telephone
(435)752-6301 - Facsimile
Email: bbearnson@bearnsonlaw.com
Email: wcaldwell@bearnsonlaw.com
Email: abergman@bearnsonlaw.com
Please cc emails to: kglodo@bearnsonlaw.com
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEFFERY BRAY and MICHELLE BRAY, individually and as personal representatives of the ESTATE OF COLBY JAMES BRAY (DECEASED),<br><br>Plaintiffs,<br>vs.<br><br>IDAHO DEPARTMENT OF JUVENILE CORRECTIONS; SKIP GREENE, an individual; SHAUNA KRESS RN, an individual; KELLY MEACHAM PA-C, an individual; LORI FULMER LPN, an individual; DEBORAH FULTON LPN, an individual; TERRISA PETERSON LPN, an individual; and JOHN DOES 1-X,<br><br>Defendants. | **Case No. 4:21-cv-00458-REP**<br><br>**REPLY IN SUPPORT OF MOTION FOR ALTERNATIVE SERVICE** |

COMES NOW Plaintiffs JEFFERY BRAY and MICHELLE BRAY, individually and as personal representatives of the ESTATE OF COLBY JAMES BRAY, a deceased individual, by and through legal counsel Wayne K. Caldwell and BEARNSON & CALDWELL, LLC, and hereby provides their *Reply in Support of Motion for Alternative Service*.

**REPLY IN SUPPORT OF MOTION FOR ALTERNATIVE SERVICE**
*Bray v. Idaho Department of Juvenile Corrections et al.*
Case No. 4:21-cv-00458-REP

# INTRODUCTION

As a preliminary matter, individually named Defendants "Skip Greene" (correct name "Arthur D. Greene"), "Shauna Kress" RN (correct name "Shalaine Kress"), "Lori Fulmer" LPN (correct name "Lori Ann Fullmer"), "Deborah Fulton" LPN (correct name "Deborah Lee Flitton") and Terrisa Peterson LPN (full name "Terrisa Lynn Peterson") (collectively "Individual Defendants") collectively filed a *Response* to Plaintiff's *Motion for Alternative Service*, Defendant Kelly Meacham, PA-C has not. To the extent Defendant argues insufficient service upon the Individual Defendants, Defendant Kelly Meacham PA-C is not included therein, and the Court should grant Plaintiff's *Motion for Alternative Service* as it applies to Ms. Meacham.

Turning to the Individual Defendants arguments, they are without merit and this Court should give them no weight. Individual Defendants' counsel, contrary to their new representation, **never** informed Plaintiff's counsel that they represented the Individual Defendants, rather stating that they would need to reach out to the Individual Defendants in order to determine if they wished to be represented by counsel. That was the last communication Plaintiff ever had with the Individual Defendants counsel, and Individual Defendants' counsel has not ever informed Plaintiff that they were representing Individual Defendants. Further, Individual Defendants' counsel specifically refused to accept service on behalf of the Individual Defendants, and further refused to provide contact information for the Individual Defendants when requested. As a result any failure of Plaintiff's to serve the Individual Defendants at very worst constitutes excusable neglect.

Rather, Plaintiff took every effort, as certified in Plaintiff's *Motion*, and the fact that Individual Defendants' counsel—who refused to provide contact information, routinely represents government entities, has intimate familiarity with government databases, and already knew

**REPLY IN SUPPORT OF MOTION FOR ALTERNATIVE SERVICE**
*Bray v. Idaho Department of Juvenile Corrections et al.*
Case No. 4:21-cv-00458-REP

Page 2

non-public information regarding each Defendant, including middle names and corrected spellings—has testified that they were "able to find contact information for the Individual Defendants" does not evidence a failure on the part of Plaintiff's to properly effectuate service. Rather, this again goes to the Defendants longstanding, continued efforts to avoid service despite being clearly aware of the litigation currently pending before the Court. As a result, and pursuant to Federal Rule of Civil Procedure 4, this Court should grant Plaintiff's motion for alternative service, or in the alternative grant Plaintiff's motion for an extension of time to effectuate service, and further pursuant to Federal Rule of Civil Procedure 4, Defendants should be required to pay the expenses incurred by Plaintiff in effectuating service.

## ARGUMENT

### 1. Plaintiff's failure to serve Individual Defendants constitutes excusable neglect.

The Ninth Circuit Court of Appeals has established that a motion to dismiss based on Federal Rule of Civil Procedure 4(m) requires a two-step analysis which includes: "First upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *Olsen v. The City of Boise, Idaho et al.* 1:20-cv-478-DCN (D. Idaho Oct. 13, 2021) (citing *In re Sheehan,* 253 F.3d 507,512 (9th Cir. 2001).

Here, the Individual Defendants have failed to show that Plaintiff's defective service rises to the level that would necessitate dismissal. Rather, Plaintiffs satisfy each element showing dismissal is not proper, and rather that an extension of time in which to effectuate service is required by the circumstances of the case.

### a. The Individual Defendants have received actual notice of the lawsuit.

As a preliminary matter, there is no question that the Individual Defendants have received actual notice of the lawsuit. Despite alleging that service on Individual Defendants was inadequate, Individual Defendants are here, represented by counsel who has had notice of the lawsuit since its inception, opposing a motion for alternative service. There is no question whatsoever that the Individual Defendants are and have been aware of the lawsuit since at least March 9, 2020 when the Individual Defendants each received a Notice of Intent relative to this action, which was fully and properly served upon them.

On March 20, 2020, Plaintiffs sent a subsequent copy of the Notice of Intent to the Idaho Secretary of State. The Idaho Secretary of State's office responded the same day by email to Plaintiffs' counsel, acknowledging their receipt of the Notice. They further and indicated they were forwarding the claim to the Bureau of Risk Management and that the State had ninety (90) days to respond.

On July 17, 2020, Plaintiffs' counsel received a letter from the State of Idaho Bureau of Risk Management wherein they acknowledged receipt of Plaintiffs' Notice of Claim and that the claim was being reviewed.

Six (6) months later on December 17, 2020, Plaintiffs received a letter from the State of Idaho Bureau of Risk Management wherein they acknowledged completion of their careful review of Plaintiffs' claims and indicated they did not believe the State was responsible, thus denying any negligence occurred.

      b. **<u>Defendants are not prejudiced by allowing alternative service or additional time to effectuate service</u>**

Next, Individual Defendants do not stand to suffer any prejudice by allowing either alternative service or additional time to effectuate service. Again, Individual Defendants are presently involved in the lawsuit, and are clearly aware of its existence. There is no question that

Plaintiff has been taking steps to effectuate service. Indeed, Plaintiff asked now counsel for the Individual Defendants if they would accept service on the part of the Individual Defendants. At the time, and contrary to now counsel for the Individual Defendants, counsel indicated that they were not at liberty to accept service on the part of the Individual Defendants, as they had not yet been retained to represent the Individual Defendants. Instead, now counsel for Individual Defendants indicated that they would "reach out" to the Individual Defendants, and determine if they intended to be represented by counsel. Only after silence on the part of Individual Defendants counsel did Plaintiff file Plaintiff's motion for alternative service and now, despite alleging that they have no proper notice of the litigation at issue, the Individual Defendants have now filed their motion opposing alternative service, alleging that Plaintiff has taken no efforts to serve them, when the record is clear as to the certifications made by Plaintiff's counsel as to the efforts that have occurred.

    c. **<u>Plaintiff would be severely prejudiced if his complaint were dismissed.</u>**

Contrary to Defendant's assertions, Defendant has not taken steps to assist Plaintiff in effectuating service. Rather, Defendant has been entirely dilatory, waiting until the final day in which to file various filings[1]. Now counsel for the Individual Defendants represented on multiple occasions that counsel was "reaching out" to the Individual Defendants in order to determine if they wished to be represented by counsel, told Plaintiff that in no case would it accept service on their behalf until after counsel had determined if the Individual Defendants wished for representation.

---

1 Despite having notice on February 14, 2022 (*See Declaration of Counsel* [D17.5]) of the second service of process taking place upon the Idaho Attorney General and not the Idaho Secretary of State, Defendants filed their renewed *Third Pre-Answer Motion to Dismiss for Insufficient Service* on March 4th, 2022, one week after the expiration of the service deadline and two days before the filing deadline for such motions as stipulated to previously; Defendants filed their *Individual Defendants' Motion to Dismiss* on March 14, 2022, two weeks after the service deadline had passed.

**REPLY IN SUPPORT OF MOTION FOR ALTERNATIVE SERVICE**
*Bray v. Idaho Department of Juvenile Corrections et al.*
Case No. 4:21-cv-00458-REP

### 2. Plaintiff's failure to serve Individual Defendants is solely the result of Defendants gamesmanship.

"Procedure "is a means to an end, not an end in itself — the `handmaid rather than the mistress' of justice."" Ahanchian v. Xeon Pictures, Inc.,(quoting Charles E. Clark, History, Systems and Functions of Pleading, 11 Va. L.Rev. 517, 542 (1925)). "While district courts enjoy a wide latitude of discretion in case management, this discretion is circumscribed by the courts' overriding obligation to construe and administer the procedural rules so as "to secure the just, speedy, and inexpensive determination of every action and proceeding." *Id.* (citing Fed.R.Civ.P. 1.).

Federal Rule of Civil Procedure 4 requires in relevant part that:

> Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.
>
> "Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

Here, Plaintiff has complied with none of the requirements of the rule requiring Defendants to cooperate in saving unnecessary expenses. Rather than cooperating with Plaintiff, Defendants have collectively filed four (4) motions to dismiss. "We do not approve of the 'hardball' tactics unfortunately used by some law firms today. The extension of normal courtesies and exercise of civility expedite litigation and are of substantial benefit to the administration of justice." *Id*. at 1263 (9th Cir. 2010) (quoting *Marcangelo v. Boardwalk Regency*, 47 F.3d 88, 90 (3d Cir.1995)).

### CONCLUSION

**REPLY IN SUPPORT OF MOTION FOR ALTERNATIVE SERVICE**
*Bray v. Idaho Department of Juvenile Corrections et al.*
Case No. 4:21-cv-00458-REP

Page 6

For the above reasons, dismissal is improper and this Court should grand Plaintiff's *Motion for alternative service*.

DATED this 28th day of March, 2022.

                                        BEARNSON & CALDWELL, LLC

                                        /s/ Wayne K. Caldwell
                                        Wayne K. Caldwell
                                        *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 28th day of March, 2022, a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION FOR ALTERNATIVE SERVICE** was e-filed with the Court and delivered to the following via email:

Lawrence G. Wasden
Attorney General of Idaho
Office of the Attorney General

HOPKINS RODEN CROCKETT
HANSEN & HOOPES, PLLC
By Steven K. Brown, ISBN 3396
Special Deputy Attorney General
Austin O. Allen, ISBN 10076
428 Park Ave.
Idaho Falls, Idaho 83402
Telephone (208) 523-4445
Fax (208) 523-4474
Email:stevebrown@hopkinsroden.com
      austinallen@hopkinsroden.com

                                          /s/*Kenny Glodo*
                                          Paralegal