UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEFFERY BRAY and MICHELLE BRAY, individually and as personal representatives of the ESTATE OF COLBY JAMES BRAY (DECEASED),<br><br>    Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF JUVENILE CORRECTIONS; SKIP GREENE, an individual; SHAUNA KRESS RN, an individual; KELLY MEACHAM PA-C, an individual; LORI FULMER LPN, an individual; DEBORAH FULTON LPN, an individual; TERRISA PETERSON LPN, an individual; and JOHN DOES 1-X,<br><br>    Defendants. | Case No. 4:21-cv-00458-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court are ten motions.[1] Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly,

---

[1] Defendants Skip Greene and Idaho Department of Juvenile Corrections' ("IDJC") First Motion to Dismiss for Lack of Jurisdiction, Insufficient Service, and Alternative Motion to Quash Attempted Service ("IDJC's and Greene's First Motion to Dismiss") (Dkt. 5); IDJC's Second Motion to Dismiss for Lack of Jurisdiction, Insufficient Service, and Alternative Motion to Quash Attempted Service (IDJC's Second Motion to Dismiss") (Dkt. 9); Plaintiffs' Motion for Alternative Service (Dkt. 16); IDJC's Third Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction ("IDJC's Third Motion to Dismiss") (Dkt. 17); Individual Defendants' Motion to Dismiss for Insufficient Process, Insufficient Service of

(Continued)

MEMORANDUM DECISION AND ORDER - 1

in the interest of avoiding delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

## II. BACKGROUND

Colby James Bray was a resident at the Juvenile Corrections Center-St. Anthony, a facility owned and operated by the IDJC in Fremont County, Idaho. On the morning of November 21, 2019, Colby Bray began feeling several symptoms of an illness. His condition quickly deteriorated, and on November 24, Colby Bray was taken to Madison Memorial hospital for further evaluation. His condition continued to worsen, and he passed away the next day.[2]

Colby Bray's parents Jeffery and Michelle (the "Brays"), as his heirs and representatives of his estate, brought the instant lawsuit. They filed their complaint on November 24, 2021, a day before the two-year anniversary of Colby's death.[3] Notably, the Brays previously filed a Notice of Claim with the Secretary of State of Idaho on March 20, 2020. Dkt. 17-3, at 5. This Notice notified the Secretary of State that Bearnson & Caldwell

---

Process, and Lack of Personal Jurisdiction ("Individual Defendants' Motion to Dismiss") (Dkt. 19); Plaintiffs' Motion for Enlargement of Time to Effectuate Service Upon Defendants ("Motion for Enlargement of Time") (Dkt. 21); Defendant Kelly Meacham, PA-C's Motion to Dismiss Pursuant to FRCP 12(b)(2), 12(b)(5) ("Meacham's Motion to Dismiss") (Dkt. 32); Defendants' Renewed Motion to Dismiss for Insufficient Process, Insufficient Service of Process and Lack of Personal Jurisdiction ("Individual Defendants' and IDJC's Renewed Motion to Dismiss") (Dkt. 34); and two Renewed Motions to Dismiss filed by Individual Defendants (Dkts. 39, 40).

[2] The preceding facts come from the Complaint (Dkt. 1).

[3] IDJC claims that the statute of limitations expired on November 25, 2021. Dkt. 26, at 7. However, nothing in the record indicates Colby's age at death or the impact, if any, of I. C. Section 5-230 on his claim if he is a minor.

had been retained by the Brays, that damages would be no less than $750,000, and that the persons involved included Shauna Kress, Kelly Meacham, Lori Fulmer, Deborah Fulton, Terrisa Peterson, IDJC, and John and Jane Does. Dkt. 17-3, at 5–7. The Notice also thoroughly detailed the circumstances of Colby Bray's death. *Id.*

### A. Timeline of Efforts to Serve Process on IDJC

The Brays' lawsuit ran into several snags when they attempted to serve process on IDJC. On December 17, 2021, the Brays attempted to serve a summons on Skip Greene[4] at his home. Dkt. 17-5, at 2. However, that summons did not list Greene's name—it only listed IDJC. Dkt. 17-5, at 7. The Brays did not file the return of service for the Summons served on Skip Greene. Dkt. 8, at 2. Greene's counsel contacted the Brays' counsel and informed them that the attempted service of process on Mr. Greene was insufficient. Dkt. 8, at 2. The Brays indicated that they had instructed the Fremont County Sheriff to serve the Summons on the IDJC facility in Saint Anthony and had not instructed the server to serve Greene at his home. Dkt. 8, at 2. Consequently, "to avoid entry of default," IDJC and Greene filed IDJC's and Greene's First Motion to Dismiss. Dkt. 17-5, at 2; *see* Dkt. 5.

To remedy the issues with the Bray's first attempt to serve IDJC, another summons was issued on December 30, 2021. Dkt. 4. This summons was again for IDJC alone and was sent c/o Lawrence G. Wasden, State of Idaho – Office of the Attorney General. Dkt. 17-2, at 21. Bray's counsel hired the Ada County Sheriff's Office to serve the summons. Dkt. 7. Marc Bowman, a Deputy Sherriff with the Ada County Sheriff's Office, served the

---

[4] Defendant states that his correct name is "Arthur D. Greene." Dkt. 17-1, at 2. Plaintiffs allege Greene "is the IDJC Superintendent for the Juvenile Corrections Center in Saint Anthony, Idaho." Dkt. 1, at 2.

summons on January 10, 2022. *Id.* at 1; Dkt. 17-2, at 3. The Sheriff's Office certified that two copies were served upon the "Idaho Attorney General through Brian Kane (Chief Deputy Attorney General-Representative)." Dkt. 7, at 1. The address of the Idaho Attorney General (which happens to be the Idaho State Capitol) was listed as 700 W. Jefferson Street, Suite 210, Boise, Idaho 83720. *Id.* To again avoid the risk of default, IDJC filed IDJC's Second Motion to Dismiss. Dkt. 17-1, at 3; Dkt. 9.

Yet another summons was issued for IDJC on February 14, 2022, in a third attempt to properly serve IDJC. Dkt. 17-2, at 5. Bray's counsel once again emailed the Ada County Sheriff's Office and paid for service to be completed upon the Idaho Secretary of State this time, whose office is located at the Idaho State Capitol in Room E205. Bowman, the same Deputy Sheriff who served the January summons for IDJC, served the new summons four days later. Dkt. 14, at 1. When he arrived at the Idaho State Capitol, he went to the Idaho Attorney General's Office in Room 210, not the Idaho Secretary of State Office in Room E205 that was listed on the summons. Dkt. 17-2, at 2, 5. The individuals working in the office "are authorized to handle summons and complaints which are served on the Attorney General." Dkt. 17-2, at 2. They are not authorized to accept service on behalf of the Idaho Secretary of State. Bowman handed the summons to the process accepter, Kriss Bivens Cloyd, who "noted that it was addressed to the Idaho Secretary of State's office, and suggested to the process server that it should instead be served on the Secretary of State." Dkt. 17-2, at 3. Bowman said that it was to be delivered to her office, so Cloyd accepted

MEMORANDUM DECISION AND ORDER - 4

the summons using her standard procedures.[5] Dkt. 17-2, at 3.

When Bowman filled out the Affidavit of Service[6] he testified that he served the summons with the Idaho Secretary of State Office through Brian Kane, who was listed as a Chief Deputy-Representative on the document.[7] Dkt. 14, at 1. The information about the Idaho Secretary of State Office, and the title of Brian Kane, was listed three times. Dkt. 14 at 1–3. The title "Attorney General" was never put on the Affidavit. Plaintiffs stated that they "received no communication from anyone indicating that service of the Summons and Complaint was erroneously made upon the Idaho Attorney General for a second time" and that if "that fact had been brought to Plaintiffs' attention sooner, Plaintiffs would have taken the necessary steps to remedy such a deficiency." Dkt. 22, at 3. After all these attempts, the time for completing service on IDJC, Individual Defendants,[8] and Meacham expired on February 22, 2022.[9]

---

[5] Lisa Mason, who is the Director of Government Affairs for the Idaho Secretary of State and is "responsible for maintaining all Tort Claims filed with the Idaho Secretary of State," confirmed that no summons and complaint were ever served on the Idaho Secretary of State for the matter of *Bray v. Idaho Department of Juvenile Corrections*. Dkt. 17-3, at 2. However, she did confirm the veracity of the Notice of Claim that the Brays had filed in 2020.

[6] The Affidavit states that "I declare under penalty of perjury that this information is true" and was notarized. Dkt. 14, at 2–3.

[7] Brian Kane declared that although he is the Chief Deputy of the Idaho Attorney General, he is not a designated or authorized agent for service of process on the Idaho Secretary of State. Dkt. 17-4, at 2.

[8] The term "Individual Defendants" collectively refers to Skip Greene (correct name "Arthur D. Greene"), Shauna Kress (correct name "Shalaine Kress"), Lori Fulmer (correct name "Lori Ann Fullmer"), Deborah Fulton (correct name "Deborah Lee Flitton"), and Terrisa Peterson (full name "Terrisa Lynn Peterson"). Defendant Kelly Meacham is the only defendant *not* included in this list, as Meacham filed a separate motion.

[9] The Brays filed their complaint on November 24, 2022, and the complaint must be served within 90 days. Fed. R. Civ. P. 4(m).

MEMORANDUM DECISION AND ORDER - 5

In summary, the Brays attempted to serve IDJC three separate times. The first time was to Skip Greene at his house. The second time was to the Idaho Attorney General. The third time was intended for the Idaho Secretary of State but was again served on the Idaho Attorney General.

### B. Efforts to Serve Process on Individual Defendants

Unfortunately, the history of service to the Individual Defendants involves a certain amount of bickering and accusations between counsel for both sides that the Court is loath to review.[10] Indeed, much of that finger-pointing is counterproductive and distracts from the legal analysis. Clearly there was some discussion between the parties regarding service for the Individual Defendants.[11] However, discussion does not amount to action. Notably, the first summons for Individual Defendants[12] were not issued until May 2, 2022,[13] over

---

[10] Defense Counsel alleges that he tried to speak with Plaintiffs' Counsel about service in December but that opposing counsel did not take his calls. Dkt. 20, at 6; Dkt. 17-5 at 2, 23. Plaintiffs claim that Individual Defendants' counsel was not forthcoming and did not inform Plaintiffs' counsel that they represented the Individual Defendants. Dkt. 23, at 2. Plaintiffs also allege that Individual Defendants engaged in "gamesmanship" and played "hardball." Dkt. 23, at 6.

[11] As near as the Court can glean from the exhibits, on February 4, 2022, counsel for the Brays reached out to IDJC's counsel (who represents the Individual Defendants) to ask about the government's "position on serving the individual defendants." Dkt. 17-5, at 29. IDJC's counsel responded on February 7 that "I am told I must contact the individual defendants individually to determine if I can accept service for each of them and am in the process of doing that. However, please understand that I may or may not be able to accomplish that in time for your service deadline." Dkt. 17-5, at 28. On February 17, IDJC's counsel emailed, "I want to let you know that I have reached most but not all of the individual defendants, and so far none have authorized me to accept service on their behalf." Dkt. 17-5, at 26. This back and forth does not affect the Court's analysis one way or the other.

[12] The correct names of Individual Defendants were used in this summons.

[13] Although Meacham is not included in the list of Individual Defendants, summons was also not issued for him until May 2, 2022.

two months after the time for completing service had expired.[14] Dkt. 30. Although the Brays did serve IDJC summons on Greene, the Brays explained that they had not meant to do so.

The Brays did file a Motion for Alternative Service, requesting that the Court order IDJC to provide Plaintiffs with the most recent contact information for Individual Defendants or allow the Plaintiffs to serve summons in an alternative method. Dkt. 16. However, this motion was filed three days after the deadline for service had passed.

### III. IDJC's THIRD MOTION TO DISMISS

As a preliminary matter, the Court DISMISSES AS MOOT IDJC's and Greene's First Motion to Dismiss (Dkt. 5) because (1) the pertinent facts have changed considerably since that Motion was filed and (2) any arguments in this motion are subsumed within IDJC's Third Motion to Dismiss and the Individuals' Motion to Dismiss.[15] The Court also DISMISSES AS MOOT IDJC's Second Motion to Dismiss (Dkt. 9) for the same reasons.

A. **Legal Standard**

Federal Rule of Civil Procedure 12(b)(5) permits a court to dismiss a claim for insufficient service of process. Pursuant to Federal Rule of Civil Procedure 4(m), it is a plaintiff's duty to serve each defendant in the case within 90 days after filing the complaint, or to request a waiver of service under Rule 4(d). Fed. R. Civ. P. 4(m).

---

[14] A new summons was issued to Terrisa Peterson at a different address on May 20, 2022. Dkt. 31.

[15] While Greene joined in the IDJC's and Greene's First Motion to Dismiss, he did not join in IDJC's Second and Third Motions to Dismiss. Instead, he joined the Individual Defendants' Motion to Dismiss and two of the Renewed Motions to Dismiss.

MEMORANDUM DECISION AND ORDER - 7

In the Ninth Circuit, a motion to dismiss based on a plaintiff's failure to abide by Rule 4(m) requires a two-step analysis: "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (internal citations omitted).

With respect to the first step, the Ninth Circuit has clarified that showing "good cause" is the equivalent of demonstrating "excusable neglect," and that, to establish good cause, a Plaintiff may also be required to show "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991) (citing *Hart v. United States*, 817 F.2d 78, 80–81 (9th Cir. 1987)).

The Ninth Circuit has declined to "articulate a specific test that a court must apply in exercising its discretion" under the second step of the Rule 4(m) analysis. *In re Sheehan*, 253 F.3d at 513. However, it has noted that if a Plaintiff cannot establish good cause, the Court's discretion to nevertheless extend the prescribed time period for the service of a complaint "is broad." *Id*. Finally, if a court declines to extend the time period for the service of process, it must dismiss the complaint without prejudice. *See U.S. v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004).

B. Analysis

The Brays do not claim that their service on IDJC was adequate, and thus the only

question is whether the Court will extend the time period for service. The first prong under *In re Shaheen* is whether the Brays can show good cause for their deficient service.

The first step that determines whether good cause existed is whether the party personally received actual notice of the lawsuit. *Boudette*, 923 F.2d at 756. It is clear here that IDJC did. Although all three summons failed, IDJC clearly was aware enough to file three motions to dismiss the case for insufficient summons. What's more, the Idaho Secretary of State (the entity who should have received the summons) had received a notice of claim filed by the Brays in 2020. As this Court has previous explained,

> Rule 4 is "liberally construed so long as a party receives sufficient notice of the complaint." *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (internal quotation marks omitted). Actual notice of the suit by Defendants, while not sufficient by itself to cure defects in service, "may be a factor in finding process valid when there are other factors that make process fair." *Id.* Moreover, when serving a corporate defendant, "[d]espite the language of the Rule, service of process is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process.... [S]ervice can be made upon a representative so integrated with the organization that he will know what to do with the papers." *Id.* "Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Id.*

*Kinney v. Erikson*, No. 4:11-CV-00471-BLW, 2012 WL 1288805, at *4 (D. Idaho Apr. 16, 2012)

The second step to determine good cause is whether IDJC would suffer prejudice. *Boudette*, 923 F.2d at 756. Here, IDJC will not suffer significant prejudice. "Although Defendants would prefer to avoid litigation on the merits by having the claim dismissed, Defendants' loss of a quick victory is not sufficiently prejudicial to deny the plaintiff relief." *Vertin v. Goddard*, 2013 WL 1932810, at *3 (D. Ariz. May 8, 2013) (cleaned up).

Additionally, as the delay is not too significant, the memories of witnesses will not have faded. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

The third step here is to determine whether the Brays would be severely prejudiced if their claim would be dismissed. *Boudette*, 923 F.2d at 756. It is clear that the Brays would be prejudiced. As the statute of limitations may have expired, dismissing this case could bar their claims from being brought. In that event, the Brays would be without recourse to hold the Government accountable for any wrongdoing that may have occurred while their son was in IDJC's custody. Furthermore, the stakes of this case are weighty—this is a wrongful death suit. This is not something as trivial as a wrongfully issued parking ticket.

What's more, the Court is not comfortable with the idea that this case against a governmental agency should be dismissed because another governmental agency (the Sheriff's Office) failed to properly serve it. Although there is no evidence of malice on the part of the Sheriff's Office, and the Court does not mean to imply any, it certainly would feel unjust to allow the mistakes of one governmental agency to shield another from a lawsuit. The Brays had no reasonable indication that that service was incorrectly done because they requested the summons to be served on the Secretary of State and because Deputy Sheriff Bowman solemnly swore that he had done so. Indeed, the phrase "Attorney General" *never* appeared on the executed summons or the affidavit. While a very observant attorney may have noticed that Kane's name appeared on both executed summonses, it is not likely that an attorney would think twice about that because of the sworn affidavit and because Kane's title did not mention his connection with the Attorney General's office.

Because all three prongs have been met, the Brays have established that there was

MEMORANDUM DECISION AND ORDER - 10

good cause for the errors in service. IDJC's Third Motion to Dismiss is accordingly DENIED.

## IV. INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

### A. Legal Standard

The legal standard here is the same as listed in Section III. The Brays are required to show good cause, although even without such a showing the Court still has discretion to dismiss without prejudice or extend the time for service. *In re Sheehan*, 253 F.3d at 512.

### B. Analysis

Here, despite not being served, Individual Defendants had actual notice, as demonstrated by this motion. As above, Individual Defendants would not be unduly prejudiced aside from not being granted a quick court victory, which is typically not enough prejudice to grant a motion to dismiss for failure to properly serve. *Vertin*, 2013 WL 1932810, at *3. Plaintiffs would suffer some prejudice, as their claims against individual defendants may be barred under the statute of limitations. However, the Brays claims against IDJC are being allowed to continue, so they still will have a chance to have their claims heard.

The most important part of this analysis, however, is that the Court cannot find good cause or excusable neglect because the Brays have made little effort to serve the Individual Defendants. Although the Brays discussed serving Individual Defendants with their counsel, this discussion never amounted to concrete action. The Motion for Alternate Service was filed *after* the deadline for service. The first summons for Individual Defendants were not issued until May 2, 2022, over two months after the time for

completing service had expired. Dkt. 30. Although the Brays did serve IDJC summons on Greene, the Brays explained that they had not meant to do so. This leads to another key point—the Brays have had access to Greene's home address since their first attempt at serving IDJC yet made no attempt to serve Greene in his individual capacity. Even if the Brays could not find the contact address for the rest of the Individual Defendants, they still could have easily served Greene.

Furthermore, it is hard for the Court to believe that in this internet day and age when contact information is more available and accessible than ever before, the Brays were unable to find the contact information for any of the Individual Defendants.[16] While defense counsel could have been more helpful in sharing the contact information, he certainly was under no obligation to. "The plaintiff is responsible for having the summons and complaint served." Fed. R. Civ. P. 4(c)(1). Expecting Plaintiffs to fulfill their responsibilities is *not* hardball, especially without any evidence that Individual Defendants actively avoided service. The judicial system relies on deadlines to ensure the diligent

---

[16] The Brays claim they conducted internet searches and requested the information from IDJC. Dkt. 16-1, at 2. Individual Defendants allege that Defense Counsel's assistant was able to find the home and work addresses for all six individuals in about forty-five minutes using online tools and find the correct name and address for the individual defendant who are nurses by calling the State Board of Nursing website. Dkt. 19-1, at 2. Plaintiffs point to Defense Counsel's "intimate familiarity with government databases" and claim that the ability of Defense Counsel's assistant to find this contact information "does not evidence a failure on the part of Plaintiff's [sic] to properly effectuate service. Rather, this again goes to the Defendants [sic] longstanding, continued efforts to avoid service." Dkt. 24, at 2–3. The Court rather strongly disagrees with Plaintiffs' argument here. Even if Defense Counsel's assistant is much more familiar with government databases, Plaintiffs could have easily hired someone who *is* familiar with government databases to search for addresses. Plaintiffs also could have easily hired someone to do web sleuthing for them to find contact information on the very public internet. In short, the fact that Defense Counsel's assistant was able to easily find the information *clearly* shows Plaintiffs' failure to properly effectuate service. However, this is not dispositive. Several other factors indicate Plaintiffs' failure to effectuate service, such as the fact they never were issued a summons for the Individual Defendants. Plaintiffs claim they "took every effort." Dkt. 23, at 2. It is clear they did not, especially as they did not detail why their internet searches were unsuccessful.

prosecution of cases, and the Court will not give free passes to parties who did not try to meet their responsibilities. As such, the Court GRANTS Individual Defendants' Motion to Dismiss.

### V. MEACHAM'S MOTION TO DISMISS

As mentioned earlier, Individual Defendants *does not* include Kelly Meacham. However, all of the above analysis applies to Meacham because the timeline surrounding service are the same as Individual Defendants. Furthermore, Meacham also demonstrated how simple it is to find his address on the internet. *See* Dkt. 32-2. Plaintiffs have not offered excuse for their neglect. Meacham's Motion to Dismiss (Dkt. 32) is GRANTED.

### VI. PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME

The Brays filed this Motion for Enlargement of Time concurrently to their response to IDJC's Third Motion to Dismiss. Dkt. 22, at 7. As the Court denied IDJC's Third Motion to Dismiss, and held that service was adequate, the Court DISMISSES this Motion for Enlargement of Time as MOOT as it applies to IDJC. The case against IDJC may continue. In accordance with the Court's analysis regarding Individual Defendants' Motion to Dismiss, the Court DENIES the Motion for Enlargement of Time as it applies to serving the Individual Defendants and Meacham.

### VII. PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE

As the Court has granted Individual Defendants' Motion to Dismiss, the Plaintiffs' Motion for Alternative Service (Dkt. 19) is accordingly DISMISSED as MOOT.

## VIII. RENEWED MOTIONS TO DISMISS

As the Court has already addressed the arguments[17] raised in Individual Defendants' and IDJC's Renewed Motion to Dismiss (Dkt. 34), the Renewed Motion to Dismiss filed by Shauna Kress (correct name "Shalaine Kress"), Lori Fulmer (correct name "Lori Ann Fullmer"), and Terrisa Peterson (full name "Terrisa Lynn Peterson") (Dkt. 39), and the Renewed Motion to Dismiss filed by Skip Greene (correct name "Arthur D. Greene") and Deborah Fulton (correct name "Deborah Lee Flitton") (Dkt. 40), those Motions are accordingly DISMISSED as MOOT.

## IX. ORDER

The Court HEREBY ORDERS:

1. IDJC's and Greene's First Motion to Dismiss (Dkt. 5) is DISMISSED AS MOOT.

2. IDJC's Second Motion to Dismiss (Dkt. 9) is DISMISSED AS MOOT.

3. IDJC's Third Motion to Dismiss (Dkt. 17) is DENIED.

4. Plaintiffs' Motion for Alternative Service (Dkt. 16) is DISMISSED AS MOOT.

5. Individual Defendants' Motion to Dismiss (Dkt. 19) is GRANTED.

6. Meacham's Motion to Dismiss (Dkt. 32) is GRANTED.

7. Plaintiffs' Motion for Enlargement of Time (Dkt. 21) is DISMISSED AS MOOT IN PART and DENIED IN PART.

---

[17] The Court understands that there are some factual distinctions between the Renewed Motions to Dismiss and the original Motions to Dismiss, and that one of the Renewed Motions (Dkt. 40) has not been fully briefed. However, because the legal analysis remains the same, dismissing those motions as moot is an appropriate course of action.

MEMORANDUM DECISION AND ORDER - 14

8. Individual Defendants' and IDJC's Renewed Motion to Dismiss (Dkt. 34) is DISMISSED AS MOOT.

9. The Renewed Motion to Dismiss filed by Shauna Kress (correct name "Shalaine Kress"), Lori Fulmer (correct name "Lori Ann Fullmer, and Terrisa Peterson (full name "Terrisa Lynn Peterson) (Dkt. 39) is DISMISSED AS MOOT.

10. The Renewed Motion to Dismiss filed by Skip Greene (correct name "Arthur D. Greene") and Deborah Fulton (correct name "Deborah Lee Flitton") (Dkt. 40) is DISMISSED AS MOOT.

11. The claims against Skip Greene (correct name "Arthur D. Greene"), Shauna Kress (correct name "Shalaine Kress"), Lori Fulmer (correct name "Lori Ann Fullmer"), Deborah Fulton (correct name "Deborah Lee Flitton"), Terrisa Peterson (full name "Terrisa Lynn Peterson"), and Kelly Meacham are DISMISSED WITHOUT PREJUDICE.

DATED: August 9, 2022

David C. Nye
Chief U.S. District Court Judge